UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
NETRATINGS, INC.,
:
                    Plaintiff,     :    Civil Action No. 06-cv-3353 (BSJ) (HP)

v.                                   :

180SOLUTIONS, INC. and          :    **JURY TRIAL DEMANDED**
ZANGO, INC.,
:

                    Defendants.
:
------------------------------------- x

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and for its First Amended Complaint for Patent Infringement (the "Complaint") against defendants 180solutions, Inc. ("180solutions") and Zango, Inc. ("Zango"), states as follows:

**THE PARTIES**

1.     NetRatings is a Delaware corporation with offices at 120 West 45th Street, New York, New York 10036. NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

2.     Upon information and belief, 180solutions is a Washington corporation with a principal place of business at 3600 136th PL SE, Bellevue, WA 98006.

3.     Upon information and belief, Zango is a Washington corporation with a principal place of business at 3600 136th PL SE, Bellevue, WA 98006.

4.     Upon information and belief, 180solutions and Zango are registered to do business in the State of New York, maintain offices in this judicial district, do business in the State of New York and this judicial district, contract to supply goods or services within the State

of New York and this District, have continuous and systematic business contacts within the State of New York and this District, derive substantial revenue from interstate commerce from goods used or services rendered in the State of New York and this District and commit and have committed acts of patent infringement either within the State of New York and this District, or outside the State of New York and this District with a reasonable expectation that such acts would have consequences within the State of New York and this District.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## FACTS COMMON TO ALL COUNTS

7. On October 7, 1997, United States Letters Patent No. 5,675,510 (the "'510 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffey, et al. NetRatings is the owner by assignment of the '510 Patent. A true copy of the '510 Patent is annexed hereto as Exhibit A.

8. On September 5, 2000, United States Letters Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffee, et al. NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit B.

9. On October 24, 2000, United States Letters Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '155 Patent. A true copy of the '155 Patent is annexed hereto as Exhibit C.

## COUNT I

### Infringement Of United States Patent No. 5,675,510

10. NetRatings repeats the allegations contained in Paragraphs 1 through 9 as though fully set forth herein.

11. Upon information and belief, 180solutions and Zango have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products and services, including, but not limited to, its nCase, 180sa, MetricsDirect, Ad Services, Zango, Zango SearchAssistant, Zango SearchSuite, Zango SiteFinder, Zango ToolBar, and Seekmo SearchAssistant products and services, alone and/or in combination with other 180solutions and Zango products and services.

12. Upon information and belief, 180solutions' and Zango's infringements of the '510 Patent have been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

13. As a result of 180solutions' and Zango's infringements of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

14. Unless an injunction is issued enjoining 180solutions and Zango and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from infringing the '510 Patent, NetRatings will be irreparably harmed.

15. Upon information and belief, with full knowledge of the '510 Patent, 180solutions and Zango willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement Of United States Letters Patent No. 6,115,680

16. NetRatings repeats the allegations contained in Paragraphs 1 through 15 as though fully set forth herein.

17. Upon information and belief, 180solutions and Zango have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products, including, but not limited to, its nCase, 180sa, MetricsDirect, Ad Services, Zango, Zango SearchAssistant, Zango SearchSuite, Zango SiteFinder, Zango ToolBar, and Seekmo SearchAssistant products and services, alone and/or in combination with other 180solutions and Zango products and services.

18. Upon information and belief, 180solutions' and Zango's infringements of the '680 Patent have been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

19. As a result of 180solutions' and Zango's infringements of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

20. Unless an injunction is issued enjoining 180solutions and Zango and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

21. Upon information and belief, with full knowledge of the '680 Patent, 180solutions and Zango willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III

### Infringement Of United States Patent No. 6,138,155

22. NetRatings repeats the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

23. Upon information and belief, 180solutions and Zango have been, still are, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '155 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of their products and services, including, but not limited to, its nCase, 180sa, MetricsDirect, Ad Services, Middle Tier, Zango, Zango SearchAssistant, Zango SearchSuite, Zango SiteFinder, Zango ToolBar, and Seekmo SearchAssistant products and services, alone and/or in combination with other 180solutions and Zango products and services.

24. Upon information and belief, 180solutions' and Zango's infringements of the '155 Patent have been and continue to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

25. As a result of 180solutions' and Zango's infringements of the '155 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

26.     Unless an injunction is issued enjoining 180solutions and Zango and their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '155 Patent, NetRatings will be irreparably harmed.

27.     Upon information and belief, with full knowledge of the '155 Patent, 180solutions and Zango willfully and wantonly infringed the '155 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, NetRatings prays for judgment and relief as follows:

A.	A declaration that 180solutions and Zango have infringed, are infringing, have induced and are inducing, and have contributed and are contributing to the infringement of United States Letters Patent 5,675,510, 6,115,680 and 6,138,155 (collectively, the "Patents in Suit");

B.	A preliminary and permanent injunction enjoining 180solutions and Zango, their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patents in Suit;

C.	An award of damages in favor of NetRatings and against 180solutions and Zango sufficient to fully compensate NetRatings for 180solutions' and Zango's infringements of the Patents in Suit, and an assessment of prejudgment interest and post-judgment interest;

D.	A finding by the Court that 180solutions' and Zango's infringements of the Patents in Suit are and have been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.	Trebling the compensatory damages due NetRatings;

F.	A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G.  Such other and further relief as the Court deems just and equitable.

Dated: New York, New York
       February 12, 2007

                                        DREIER LLP

                                        _____
                                        Seth H. Ostrow (SO 9605)
                                        Arianna Frankl (AF 7764)
                                        Karine Louis (KL 6652)

                                        499 Park Avenue
                                        New York, New York 10022
                                        (212) 328-6100

                                        Attorneys for Plaintiff NetRatings, Inc.

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: New York, New York
       February 12, 2007

                                      DREIER LLP

                                      Seth H. Ostrow (SO 9605)
                                      Arianna Frankl (AF 7764)
                                      Karine Louis (KL 6652)

                                      499 Park Avenue
                                      New York, New York 10022
                                      (212) 328-6100

                                      Attorneys for Plaintiff NetRatings, Inc.

## DECLARATION OF SERVICE

I, Karine Louis, declare that on the 12th day of February 2007, I caused a true and correct copy of the First Amended Complaint for Patent Infringement, to be served upon the following persons in the manner indicated:

*By Electronic Mail:*

Ira E. Silfin
Richard S. Mandaro
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016

Ramsey M. Al-Salam
Ryan J. McBrayer
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101

Attorneys for Defendant 180solutions, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of February 2007 at New York, New York.

_____
Karine Louis

223438