UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
NETRATINGS, INC.,                     :

       Plaintiff,                    :

   -v-                                :

180SOLUTIONS, INC. and ZANGO, INC.,   :

       Defendants.                   :
                                      :
------------------------------------- X

Civil Action No. 1:06-CV-03353 (BSJ) (HP)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY
PROCEEDINGS PENDING RESOLUTION OF RELATED CASES**

**PERKINS COIE** LLP
Ramsey M. Al-Salam
Ryan J. McBrayer
1201 Third Avenue, Suite 4800
Seattle, Washington  98101

Attorneys for Defendant Zango, Inc.
(f/k/a 180solutions, Inc.)

## I.   INTRODUCTION

Defendant Zango, Inc. ("Zango") moves to stay proceedings in this case, including upcoming claim construction, in light of the fact that two other judges in this District, Judge Swain and Judge Castel, are each interpreting the same patents and considering many of the same defenses that have arisen in the instant case.  In other words, there are three different federal judges, each in this District, who are simultaneously interpreting the same patents and considering the same invalidity defenses.  If either of the defendants prevail in the other cases on the issue of invalidity, the decision will be dispositive in the instant case or, at the least, will significantly narrow the issues before the Court.  In light of these facts, the instant case should be suspended pending resolution of one or both of the other cases.  This relief is supported by the principles of judicial economy and efficiency, ensures against inconsistent judgments, and will save both the Court and the parties unnecessary time and effort.

## II.   THE INSTANT CASE INVOLVES THE SAME PATENTS THAT ARE INVOLVED IN TWO OTHER PENDING CASES

In the instant case, plaintiff NetRatings, Inc. ("NetRatings") asserts that Zango has infringed three patents.  Two of the patents, U.S. Patent No. 5,675,510 and No. 6,115,680, are related.  Each of the claims requires, among other things, that the relevant software "store" a "log" of events that occur on a computer.  The third patent, U.S. Patent No. 6,138,155, requires, among other things, that an "executable program" be directed from a server to a client for the purposes of monitoring the client computer.  Zango has denied that it is infringing the patents.  The parties' dispute on infringement turns, in part, on the meaning of the terms "log," "store" and "executable code."  Zango has also counterclaimed for declaratory judgment that each of the patents is invalid in light of prior art activities not known to the Patent and Trademark Office.

There are two other cases pending in this Court that involve the *same* patents and the *same* defenses.  In particular, NetRatings has sued WebSideStory, Inc., Civil Action

No. 06-0878, currently pending before Judge Swain. NetRatings has also sued WhenU.com, Civil Action No. 06-3356, currently pending before Judge Castel. Both of those cases involve the *same patents*, many of the same disputed claim terms (e.g., the meaning of "log," "store" and "executable code"), and the *same* defenses (e.g., that the patents are invalid based on the same prior art activities). In addition, both the *WhenU.com* case and the *Web Side Story, Inc.* case are on a faster discovery and trial schedule than this case.

In the *WebSideStory* case, for example, the claim construction issues have been fully briefed, and the parties engaged in a claim construction ("*Markman*") hearing on February 1, 2007. Indeed, discovery is on the brink of closing, and Judge Swain has ordered a pre-trial conference in December. Similarly, in the *WhenU.com* case, the claim construction issues have been fully briefed, there is a claim construction hearing scheduled for June 11, 2007, and fact discovery is scheduled to close on July 2, 2007.

### III.  THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE *WEBSIDESTORY* AND *WHENU.COM* CASES

Courts have inherent power to stay cases when a stay promotes judicial economy and avoids inconsistent judgments. *Kistler Instrumente A.G. v. PCB Piezotronics*, 419 F. Supp. 120, 123 (W.D.N.Y. 1976) (a motion to stay proceedings is directed to the sound discretion of the trial court). The granting of a stay is incidental to a court's inherent power to control its own docket, with an eye towards economy of time and effort for itself, counsel, and parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding such a motion, a court should consider the extent to which the issues and parties are identical, and where the issues are the same, a stay is appropriate. *Kistler*, 419 F. Supp. at 123 (granting a stay of litigation regarding infringement and patent invalidity pending outcome of Court of Federal Claims action, but permitting misappropriation and unfair competition claims not being otherwise litigated to continue).

In this case, the Court should stay the proceedings pending resolution of the *WebSideStory* and *WhenU.com* cases. There is no reason why three different federal judges, in the same Court, should consider the same issues. Having all three cases proceed simultaneously risks inconsistent decisions and is a waste of judicial time and effort. If either WebSideStory or WhenU.com prevails on its claim that the patents at issue are invalid, that decision would collaterally estop NetRatings from proceeding in the instant case. *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation,* 402 U.S. 313, 333, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971) (collateral estoppel applied to issue of invalidity of patent where patent was declared invalid in prior proceeding in which patentee had full and fair chance to litigate); *Mississippi Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374 (Fed. Cir. 1983) (where no evidence existed that patentee had been deprived of full and fair opportunity to litigate in earlier case, it was appropriate to issue writ of mandamus ordering district court judge to grant summary judgment based on application of collateral estoppel to prior finding of invalidity).

Here, the Court should accord great weight to the fact that if any of the patents involved in this case is held to be invalid in the other two pending actions, Zango may rely on the affirmative defense of collateral estoppel. *Blonder-Tongue*, 402 U.S. 313 (1971); *Kistler*, 419 F. Supp. at 123. Specifically, a finding of invalidity in another case would dispose of some, if not all, of Netratings' infringement claims in this case because an invalid patent gives rise to no rights and cannot be infringed. *Ohio Citizens Trust Co. v. Lear Jet Corp.*, 403 F.2d 956, 959 (10th Cir. 1968). Because of the similarity in the infringement and invalidity issues raised in all three cases, and because of the likelihood that many of the issues before this Court may be resolved by resolution of the other pending cases, the Court should grant a stay in order to conserve the time and efforts of the Court and the parties.

In the alternative, should the Court find that a stay pending resolution of the *WebSideStory* and *WhenU.com* cases is not warranted, the Court should at least stay the proceedings pending the claim construction decision by Judge Swain in the *WebSideStory* case, which is presumably forthcoming. Although any such decision is not binding, the Court would likely want to consider such a decision prior to rendering its own claim construction. The Court should thus suspend proceedings in this case, including claim construction proceedings, pending resolution of the *WebSideStory* and *WhenU.com* cases, or in the alternative, pending the issuance of the claim construction decision in the *WebSideStory* case by Judge Swain.

## IV.    CONCLUSION

For the reasons set forth above, Zango's motion to stay pending resolution of the related cases should be granted.

Respectfully submitted May 30, 2007.

**PERKINS COIE LLP**

By: */s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam (*Pro Hac Vice*)
Ryan J. McBrayer (*Pro Hac Vice*)
1201 Third Avenue, Suite 4800
Seattle, Washington  98101
(206) 359-8000/(206) 359-9000
RAlSalam@perkinscoie.com

Richard S. Mandaro (RM 2602)
AMSTER, ROTHSTEIN &
EBENSTEIN, LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000/Fax: (212) 336-8001
rmandaro@arelaw.com

Attorneys for Defendant Zango, Inc. (f/k/a 180solutions, Inc.)

34353-0034/LEGAL13244424.2                                   -4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING RESOLUTION OF RELATED CASES was served via CM/ECF filing on the 30th day of May, 2007, addressed to the following:

Seth H. Ostrow
Arianna Frankl
Karine Louis
Dreier LLP
900 Third Avenue
New York, NY  10022
sostrow@dreierllp.com
afrankl@dreierllp.com
klouis@dreierllp.com

DATED:  May 30, 2007.

**PERKINS COIE LLP**

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam